Matter of Barnes (2025 NY Slip Op 07214)

Matter of Barnes

2025 NY Slip Op 07214

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, MONTOUR, GREENWOOD, AND HANNAH JJ. (Filed Dec. 23, 2025.)

&em;

[*1]MATTER OF MARK STEVEN BARNES, AN ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, PETITIONER.

MEMORANDUM AND ORDER
Order of suspension entered. Per Curiam Opinion: Respondent was admitted to the practice of law by the Appellate Division, Third Department, on January 24, 1989. During the time period relevant to this matter, he maintained an office in Waterville. The Grievance Committee filed a petition alleging six charges of professional misconduct against respondent, including neglecting client matters, commingling personal funds with client funds, and failing to cooperate in the grievance investigation. Although respondent was served with the petition in May 2025, he failed to file an answer thereto or to request from this Court an extension of time in which to do so. The Grievance Committee thereafter filed a motion for an order pursuant to 22 NYCRR 1240.8 (a) (6), inter alia, finding respondent in default. Although the motion was personally served upon respondent on September 15, 2025, and respondent's personal appearance was required on the return date thereof pursuant to 22 NYCRR 1020.8 (c), respondent neither filed a response to the motion nor appeared on the return date. Consequently, by order entered October 28, 2025, this Court granted the Grievance Committee's motion, found respondent in default, deemed admitted the charges of misconduct, and imposed a deadline for respondent to file written materials in mitigation. Although the Grievance Committee filed proof that respondent was served with that order by hand delivery on November 11, 2025, he failed to file any written materials in mitigation or otherwise contact this Court.
With respect to charge one, respondent admits that, in early 2023, he accepted $5,000 to represent several siblings in a legal matter, without having executed a retainer agreement or letter of engagement that specified the scope of the representation or the fee for which the clients would be responsible. Respondent admits that he subsequently failed to respond in a timely manner to numerous inquiries from the clients about the matter, prompting them to file a grievance complaint in August 2023.
With respect to charge two, respondent admits that, in September 2022, he agreed to represent several siblings in relation to their father's estate. Respondent admits that he failed to respond in a timely manner to numerous inquiries from the clients. Although respondent eventually resumed communicating with the clients and accepted legal fees from them in the amount of $2,900 in June 2023, he subsequently ceased all communication, prompting them to file a grievance complaint in October 2023.
With respect to charge three, respondent admits that he failed to respond to numerous inquiries from the Grievance Committee in a timely manner regarding the grievance complaints giving rise to charges one and two.
With respect to charge four, respondent admits that, in 2019, he agreed to represent a client in a domestic relations matter, without having executed a retainer agreement. Respondent also admits that he failed to send any billing statements to the client. Respondent admits that, after receiving proceeds from the sale of the client's marital residence, he withheld $2,500 for his purported legal fee. Respondent admits that he thereafter failed to respond to several inquiries from the client about the status of the matter and the propriety of the purported fee. Respondent further admits that, after the client filed a grievance complaint in February 2024, he failed to respond to numerous inquiries from the Grievance Committee regarding the matter.
With respect to charge five, respondent admits that, in August 2022, he agreed to represent several siblings in relation to their father's estate, at which time he accepted $2,500 for his legal fee and $1,941.76 for anticipated costs and disbursements. Respondent admits that, beginning in September 2023, the clients sent him numerous inquiries about certain notices received from the County Clerk requiring that the estate file a list of its assets. Respondent admits that he neither responded to those inquiries nor filed the list of assets on behalf of the estate, prompting the clients to file a grievance complaint in March 2024. Respondent admits that he subsequently failed to respond to numerous inquiries from the Grievance Committee regarding the matter or to comply with a subpoena issued by this Court directing him to produce [*2]certain documents to the Committee.
With respect to charge six, respondent admits that, in December 2022, the Grievance Committee issued a confidential admonition to him upon a finding that he violated certain rules governing attorney trust accounts by, inter alia, failing to account to clients regarding their funds and commingling personal funds with client funds. Respondent admits that, when the admonition was issued, the Committee considered, in mitigation, his statement that he would remove personal funds from the account and remit any unclaimed client funds to the Lawyers' Fund for Client Protection. Respondent admits that, as of September 2024, he failed to take action to resolve those issues.
We find respondent guilty of professional misconduct and conclude that he has violated the following provisions of the Rules of Professional Conduct (22 NYCRR 1200.0):
rule 1.1 (c) (1)—failing to seek the lawful objectives of a client through reasonably available means;
rule 1.3 (a)—failing to act with reasonable diligence and promptness in representing a client;
rule 1.3 (b)—neglecting a legal matter entrusted to him;
rule 1.4 (a) (4)—failing to comply in a prompt manner with a client's reasonable requests for information;
rule 1.15 (a)—commingling personal funds with client funds;
rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice; and
rule 8.4 (h)—engaging in conduct that adversely reflects on his fitness as a lawyer.
In determining an appropriate sanction, we have considered the nature of respondent's admitted misconduct, which caused harm or prejudice to several clients. We have also considered his failure to cooperate in the grievance investigation or participate in the disciplinary proceeding before this Court, which evinces a disregard for his fate as an attorney (see Matter of Maio, 230 AD3d 145, 148 [4th Dept 2024]). Accordingly, we conclude that respondent should be suspended from the practice of law for a period of three years and until further order of this Court. In addition, in the event that respondent applies to this Court for reinstatement to the practice of law, his application must sufficiently explain the circumstances of his default in this matter.